UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER TRIESTMAN<br><br>       Plaintiff,<br><br> v.<br><br>DEBORAH TUERKHEIMER, SLATE GROUP LLC, et al.,<br><br>       Defendants. | Crim. No. 2:17-cv-8187 (SDW)(CLW)<br><br>**REPORT & RECOMMENDATION** |

**WALDOR, Magistrate Judge,**

  This matter having come before the Court by way of referral from the Honorable Susan D. Wigenton to issue a report and recommendation regarding the Plaintiff's, Peter Triestman ("Triestman"), Motion to Dismiss (ECF No. 7 and 17) and Defendants', Deborah Tuerkheimer ("Tuerkheimer") and Slate Group LLC ("Slate Group"), Opposition (ECF No. 14).  The Court declined to hear oral argument pursuant to Rule 78 and as set forth more fully below, the Court recommends the Motion to Dismiss be **GRANTED**.

FACTS

  Plaintiff filed this action on October 12, 2017 alleging claims of defamation, per se libel, and false light invasion of privacy against Ms. Tuerkheimer and Slate.  (Complaint, ECF No. 1, ¶ 1.)  Peter Triestman is a New Jersey resident and Deborah Tuerkheimer is a resident of the State of Illinois.  (Complaint, ¶ 4-5.)  Slate Group manages Slate.com, an online daily magazine.  The company was incorporated in Delaware and has offices in Washington, D.C. and New York.  (*Id*. ¶ 6.)

  Triestman's claims stem from an online story published by Slate Group on October 16, 2016 entitled, "Donald Trump's Sexual Misconduct Is an Outrage.  Is it a Crime?" (henceforth

"the Article"). (Complaint, ¶ 10.) The Article focused on allegations lodged by women against Donald Trump focusing on male perpetrators who go unpunished for "egregious conduct that subject[s] women to sexual objectification, degradation, and harassment." (*Id*. ¶ 10.) Triestman was cited as an example of a man that was convicted of criminal sexual conduct and a link to the opinion of the Superior Court of New Jersey, Appellate Division was included in the seventh paragraph. (*Id*. ¶ 38.) The Appellate Division opinion noted that while a grand jury had indicted Peter Triestman for fourth-degree criminal sexual contact the trial court erroneously denied Triestman's motion to dismiss the indictment. (*Id*. ¶ 39.) The Complaint alleges that the assertions that Triestman was convicted of criminal sexual conduct is false and libelous on its face. (*Id*. ¶ 42-3.)

## SUMMARY OF ARGUMENTS

Defendants move to dismiss this case for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Article, Defendants argue, "was written in D.C. and Illinois by an Illinois resident, and published by Slate from its New York Office." (Brief, ECF No. 7-10, at 1.) Tuerkheimer "did not call, contact, or quote any sources in New Jersey for the Article." (*Id*.) Defendants argue that neither have "any connection to New Jersey, let alone the systematic and continuous contacts required" for general personal jurisdiction. (*Id*.) Additionally, the Defendants did not "purposefully direct[] their activities at New Jersey such that the exercise of specific personal jurisdiction over them is proper." (*Id*.)

Defendants further allege that the Article was not published with "actual malice" but rather that Tuerkheimer "made a mistake." (Brief, at 10-11.) The Article indicated that Plaintiff was convicted of criminal sexual contact when in fact, he pled guilty to a lesser offense. (Brief, at 11.)

Defendants corrected the Article removing all references to Plaintiff.  According to Defendants "speech addressing matters of public concern . . . is afforded the protections of the actual malice standard" and Plaintiff has not pled sufficient facts to meet that threshold.  (*Id*.)

Alternatively, Plaintiff believes "New Jersey's long arm jurisdiction confers *in personam* jurisdiction upon defendants."  (Opp. Brief, ECF No. 14-7, at 6.)  Specific personal jurisdiction should apply because the Article "was drawn from New Jersey sources and targeted New Jersey voters" as well as Plaintiff who "was a resident of New Jersey and harmed in New Jersey."  (*Id*.)  Triestman further argues that general jurisdiction exists based on "Defendants continuous and systematic contacts with New Jersey."  (*Id*. at 7.)  Plaintiff proposes that if there is not enough evidence to convince the Court then further discovery can be done to obtain "the number of New Jersey residents that defendants . . . targeted" and reached.  (*Id*.)

## DISCUSSION

The Court need not reach the 12(b)(6) motion because Plaintiff has failed to make out a prima facie case for specific or general personal jurisdiction.  Once Defendant moves to dismiss under 12(b)(2) the burden shifts to Plaintiff to show sufficient contacts exist with the forum to justify the Court's assertion of either general or specific personal jurisdiction.  *See BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000).

Specific personal jurisdiction exists "when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities."  *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  For specific jurisdiction the inquiry focuses on "whether the defendant purposefully established minimum contacts in the forum." *Burger King Corp*., 471 U.S. at 474.  It is a question of foreseeability under the due process clause of the constitution.  Was the defendants' conduct

and connection with the forum such that they could "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).[1] The "relationship must arise out of contacts that the defendant himself creates with the forum" and "analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there." Specifically, "[t]he plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 134 S. Ct. 1115, 1118 (2014).

The Third Circuit has ruled that to show specific personal jurisdiction of defendants the Court should apply the "effect test" outlined by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). The "effects test" requires a showing that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum; and (3) the defendant specifically aimed the tortious conduct at the forum. *Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001). Courts in the Third Circuit apply the test narrowly and "at a minimum" Plaintiff must show that "defendants expressly aimed their conduct" at New Jersey. *Marks v. Alfa Grp*., 369 F. App'x 368, 370 (3d Cir. 2010).

Plaintiff has the burden of establishing specific personal jurisdiction under the "effects test" and has failed to put forth enough evidence to make his case. There is no evidence in the record indicating Defendants purposefully targeted New Jersey for this publication or that this publication was primarily or substantially distributed in New Jersey compared to other states. Unlike in *Calder*—where the *Enquirer* had its largest circulation in the forum-state—Slate's publication is disseminated online. "[T]he fact that the [article was] eventually seen by the Plaintiff in New

---

[1] Typically a court has to "conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process." The typical two-part test can be abbreviated into a single step in this case because "New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution." *Pool & Spa, Enclosures, LLC v. Aqua Shield, Inc.*, No. CV 16-3418, 2016 WL 7325476, at *2 (D.N.J. Dec. 16, 2016).

Jersey is insufficient to confer personal jurisdiction over the Plaintiff." *DeRosa v. McKenzie*, No. 2:16-CV-07516, 2017 WL 1170827, at *6 (D.N.J. Mar. 27, 2017). The Article was written in Illinois and D.C. and at no point did Defendant conduct any investigation or conduct any interviews in New Jersey. Nothing about the Article specifically targeted readers in New Jersey. The topic of the Article was not New Jersey specific. In fact, the Article cited to another court proceeding in the Second Circuit.

Placing information on the Internet alone "is not sufficient by itself to subject[ ] that person to personal jurisdiction in each State in which the information is accessed." *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002) (internal citations omitted). If that were the case a "person placing information on the Internet would be subject to personal jurisdiction in every State." *Id*. This would completely erode "the traditional due process principles governing a State's jurisdiction over persons outside of its borders." *Id*. (internal citations omitted).

For general personal jurisdiction "the defendant's contacts with the forum, whether or not related to the litigation" must be "continuous and systematic." *See BP Chemicals Ltd.*, 229 F.3d at 259 (3d Cir. 2000) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984)). With respect to general jurisdiction the Defendants do not have continuous and systematic contacts with New Jersey. There are no offices or employees of the company that are located in New Jersey or evidence that Defendants have solicited business in New Jersey. Tuerkheimer does not have any continuous ongoing relationship with New Jersey.

## CONCLUSION

For all the foregoing reasons, this Court recommends that the District Judge grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and that ECF No. 7 be terminated accordingly.

The parties have 14 days to file and serve objections to this report and recommendation pursuant to Local Rule 72.1(c)(2) from the date this report is filed with the Clerk of the Court.

**SO ORDERED**

**Dated:** May 11, 2018

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
